(Superior Court of Cincinnati)
General Term.

KUNIGUNDA MILLER v. JOHN A. ARMLEDER, EXECUTOR OF CAROLINE MEININGER, DECEASED.

---

A non-suit can only be granted where no evidence is introduced by the plaintiff tending to support the issue, or where it is such as to show clearly that the plaintiff has no cause of action.

(Decided June 1, 1897.)

HUNT J.; SMITH and JACKSON, JJ., concurring.

This case comes before the court on error to the special term.

It is claimed in the petition that the plaintiff, Kunigunda Miller, during the lifetime of one Caroline Meininger, commencing with and including the year 1878, and continuing to and including the year 1894, performed work and rendered services as a household servant for Caroline Meininger, at her instance and request and upon her promise to compensate her for such services by making provision for Kunigunda Miller in her will; that Caroline Meininger failed to make such provision in her will, and that said services were reasonably worth the sum of $4.00 per week, amounting in all to the sum of $3,536.

There is the usual averment of the issuing of letters testamentary to John A. Armleder, and the presentation and rejection of the claim.

The answer admits the appointment and qualification of John A. Armleder as executor of the last will and testament of Caroline Meininger, deceased, and that the written statement of the claims was presented on the 16th day of January, 1895, and was rejected; but denies each and every other allegation of the petition.

At the conclusion of the testimony of the plaintiff below, the court, on motion, arrested the testimony from the jury, and directed a verdict for the defendant.

Error is now prosecuted to reverse the judgment of the court in special term, in arresting the testimony from the jury and directing a verdict for the defendant.

The question presented to the court is, whether there was evidence tending to show an express promise on the part of Caroline Meininger to compensate the plaintiff for any services which she may have rendered. It is only where no evidence is introduced by the plaintiff tending to support the issue, or where it is such as to show clearly that the plaintiff has no cause of action, that it is the duty of the court to arrest the testimony from the jury and direct a non-suit. The measure is not whether the plaintiff in entitled to a verdict—it is whether each fact, indispensable to a right of action put in issue by the pleadings, has been supported by some evidence. Ellis & Morten v. Ohio Life & Trust Co., 4 Ohio St., 628.

The court is not prepared to say that there was sufficient evidence to justify a verdict in the case as presented. There was evidence tending to support the issue especially in the statement of Bernardina Witte, and Portune, and the case should have been submitted to the jury.

Judgment reversed, and cause remanded.
John P. Newman and Edward Durst, for plaintiff in error.
Peck & Shaffer, contra.